UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CYNTHIA POWELL** | **CASE NO. 3:22-CV-03340** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is an "Appeal of Magistrate Judge Decision to District Judge" (Doc. 25) wherein Plaintiff, through counsel, appeals the October 11, 2023 decision of the Magistrate Judge, who denied the Motion for Release of Funds filed by Plaintiff. Plaintiff moves for an Order instructing that the proceeds of the settlement in this matter not include the law firm McClenny, Moseley & Associates as a payee.

## INTRODUCTION

This suit arises from alleged damage to Plaintiff's home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. At all relevant times the property was insured under a homeowner's policy issued by Defendant, State Farm Fire & Casualty Company ("State Farm"). Plaintiff filed suit in this Court on August 23, 2023, raising claims of breach of insurance contract and bad faith against Defendant, State Farm.[1]

At that time Plaintiff was represented by attorneys from the firm of McClenny Moseley & Associates, PLLC ("MMA"). Plaintiff's case was stayed along with others filed by MMA due to irregularities in those cases, including duplicate suits, suits filed against the wrong insurer, suits

---
[1] Doc. 1.

filed on behalf of parties with no knowledge of the filing, and suits filed on behalf of parties who had already settled their claims. All attorneys affiliated with MMA were subsequently suspended from practice in the United States District Court for the Western District of Louisiana because of this and other misconduct.[2]

New counsel enrolled on Plaintiff's behalf on May 17, 2023, and the MMA attorneys were terminated from Plaintiff's representation.[3] The Magistrate Judge entered an electronic order on that date, stating in relevant part:

> Terminated counsel is to turn over all file materials for plaintiff to new counsel within fourteen (14) days of the date of this order. If any terminated counsel or anyone with the law firm of McClenny Moseley & Associates PLLC, believes he/she/it may have a claim to proceeds of any amounts that may be due as the result of this litigation, any such claim must be asserted within fourteen (14) days of the date of this order. Any attempt to intervene in this litigation after that date for purposes of asserting a lien or other claim will be denied.[4]

No such intervention was filed. The case has proceeded under the court's Case Management Order for first-party insurance claims arising from Hurricanes Laura and Delta.[5]

On September 29, 2023, Plaintiff's new counsel filed a Motion for Release of funds, indicating that the suit had settled.[6] Accordingly, Plaintiff requested an order from the Court "instructing that the proceeds of the settlement in the instant case NOT include the law firm McClenny, Moseley & Associates as a payee."[7] The Magistrate Judge denied the motion by electronic order, noting that MMA had not intervened by the deadline set by the prior order but still finding that it would be "improper to grant the relief sought by plaintiff here without making MMA a party to that request."[8] Plaintiff appeals that ruling, emphasizing that MMA has made no

---

[2] Doc. 10.
[3] Doc. 16.
[4] Id.
[5] See Doc. 2.
[6] Doc. 23.
[7] Id.
[8] Doc. 24.

claim to date.[9] The response deadline on the appeal has run and no opposition has been filed, even though MMA counsel are still listed as "ATTORNEY[S] TO BE NOTICED" on the docket sheet. Accordingly, the appeal is regarded as unopposed.

## LAW AND ANALYSIS

A magistrate judge may hear and decide any pretrial matter pending before the district court. 28 U.S.C. § 636(b)(1). Because the magistrate judge's decision relates to a non-dispositive matter, plaintiffs' appeal is governed by Federal Rule of Civil Procedure 72(a). Under this rule, the decision may only be overturned if the party challenging the decision can demonstrate that it was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Castillo v. Frank*, 70 F.3d 382, 385–86 (5th Cir. 1995).

MMA was notified in no uncertain terms of the time for intervening and making its claim for attorney fees in this matter. It chose not to do so. It also chose not to respond to plaintiff's appeal of the magistrate judge's ruling. MMA evidently has no wish to make itself a party to this matter for the purpose of asserting a right to a portion of the settlement proceedings. The Court understands the Magistrate Judge's desire to make sure all bases are covered with regards to MMA's due process rights, but MMA has by now had ample notice and opportunity to intervene. The Court will not allow Plaintiff's settlement proceeds to remain in limbo while creating additional delays for MMA to intervene, especially when it provides no excuse for its failure to do so within the original deadlines set by the Magistrate Judge. Accordingly, the appeal will be granted.

## CONCLUSION

For the reasons stated above,

---

[9] Doc. 25.

**IT IS ORDERED** that the Appeal (Doc. 25) be **GRANTED**, that the Order (Doc. 24) on Plaintiff's Motion for Release of Funds be **REVERSED**, and that Plaintiff's Motion (Doc. 23) instead be **GRANTED**.

**IT IS FURTHER ORDERED** that McClenny, Moseley & Associates PLLC and/or any related entity shall not be entitled to any portion of the settlement proceeds in the instant case and shall therefore be excluded as a payee on any such proceeds.

**THUS DONE AND SIGNED** in Chambers on the 15th day of November, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE